UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KB HOME,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE BROOCK BALLARD,<br>KATHERINE BROOCK BALLARD<br>LLC, and REAL ESTATE ONE, INC.,<br>d/b/a MAX BROOCK REALTORS,<br><br>Defendants. | Case No. 2:25-cv-12461 |

## COMPLAINT FOR SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION, AND DECEPTIVE TRADE PRACTICES

1.     This is an action for service mark infringement, unfair competition, and deceptive trade practices under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., the common law of the State of Michigan, and Mich. Comp. Laws § 445.903(1)(a).

2.     Plaintiff KB Home, the owner of a family of registered and common law marks featuring "KB" as their sole or primary component in the field of new home construction and sales and related services, alleges service mark infringement, unfair competition, and deceptive trade practices against Defendants, a real estate agent and associated brokers, who are using the designation "KB" as the primary component of a trade name and service mark. A representative example of Defendants' infringing use of "KB" is below.



1

## THE PARTIES

### *KB Home*

3.     Plaintiff KB Home is a Delaware corporation with a principal place of business at 10990 Wilshire Boulevard, Los Angeles, California 90024.

4.     KB Home is one of the largest and most well-known homebuilders in the United States.

5.     KB Home builds and sells homes and other residences, and offers mortgages, insurance, and related services under the KB® and KB HOME® service marks and related service marks.

### *Katherine Broock Ballard*

6.     On information and belief, Defendant Katherine Broock Ballard ("Ballard") is an individual residing at 4048 Oak Bank Ct., Orchard Lake, MI 48323 and maintains a physical office at 275 S. Old Woodward Ave., Birmingham, MI 48009.

### *Katherine Broock Ballard LLC*

7.     Defendant Katherine Broock Ballard LLC is a Michigan limited liability company organized in 2017 for the purposes of operating as a "Real Estate Sales Agent."

8.     Ballard is listed as the registered agent and owner of this entity in its filings with the State of Michigan.

2

9.    On information and belief, Ballard owns and controls this entity and uses it in furtherance of her commercial activities associated with buying and selling real estate and real estate agency services under the marks "KB," KB & CO., KB KATHY BROOCK & CO., and $\underset{\text{\tiny KATHY BROOCK & CO.}}{\text{KB}}$ that are the subject of this action.

10.   The registered address for this entity is located at 4048 Oak Bank Ct, Orchard Lake, MI 48323.

### *Real Estate One, Inc., d/b/a Max Broock Realtors*

11.   Defendant Real Estate One, Inc., d/b/a Max Broock Realtors ("Real Estate One") is a Michigan corporation.

12.   Max Broock Realtors is an assumed name of Real Estate One, Inc.

13.   The registered office address for this entity is 26261 Evergreen Road, Suite 500 Southfield, MI 48076.

14.   The registered agent for this entity is Dan Elsea at 26261 Evergreen Road, Suite 500 Southfield, MI 48076.

15.   On information and belief, Ballard and Katherine Broock Ballard LLC are associated with, partner with, and/or are in an agency relationship with Real Estate One in connection with their real estate business and uses of the marks "KB," KB & CO., KB KATHY BROOCK & CO., and $\underset{\text{\tiny KATHY BROOCK & CO.}}{\text{KB}}$ that are the subject of this action. Ballard states on her website, www.kathybroock.com, that she operates her business "under the Max Broock Realtors umbrella," and lists her business email

3

address as kathy@maxbroockhomes.com. A true and correct screenshot of the "Meet Kathy Broock" webpage within the website www.kathybroock.com is attached as **Exhibit A**. Ballard also is listed as a Max Broock realtor on Max Broock Realtors' website, www.maxbroock.com, and conducts business out of the Max Broock Realtors branch office located at 275 S. Old Woodward Ave., Birmingham, MI 48009. The "Our History" page of the Max Broock Realtors website states that "Max Broock Realtors joined the Real Estate One Family of Companies in 2002." True and correct screenshots of the webpage listing Ballard as a Max Broock realtor, the "Birmingham – Max Broock Realtors" branch webpage, and the Max Broock Realtors "Our History" webpage are collectively attached as **Exhibit B**. In addition, on further information and belief, at least a portion of the revenues collected by Ballard and/or by Katherine Broock Ballard LLC while utilizing KB, KB & CO., KB KATHY BROOCK & CO., and KB are remitted to Real Estate One. Real Estate One therefore uses the infringing KB, KB & CO., KB KATHY BROOCK & CO., and KB marks and is directly, vicariously, and/or contributorily liable for the unlawful acts alleged herein to the same extent as Defendants Ballard and Katherine Broock Ballard LLC.

## JURISDICTION AND VENUE

16.    This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

4

This Court's jurisdiction over the state law and common-law claims arises under 28 U.S.C. § 1338(b), because those claims are joined with substantial and related claims under federal trademark law, and under 28 U.S.C. § 1367(a), under this Court's supplemental jurisdiction.

17.     This Court has personal jurisdiction over Defendant Ballard because she is subject to both general and specific personal jurisdiction in the State of Michigan. On information and belief, Ballard is a Michigan resident; is domiciled in this judicial district; and regularly transacts business in the State of Michigan and this judicial district including, without limitation, in connection with offering services associated with buying and selling real estate and real estate agency services in this district and under the marks KB, KB & CO., KB KATHY BROOCK & CO., and KB that are the subject of this action.

18.     This Court has personal jurisdiction over Defendant Katherine Broock Ballard LLC because that entity, itself or through its affiliate(s), is subject to both general and specific personal jurisdiction in the State of Michigan. Katherine Broock Ballard LLC is a Michigan limited liability company; has a principal place of business located in this judicial district; and regularly transacts business in the State of Michigan and this judicial district including, without limitation, in connection with offering services associated with buying and selling real estate and real estate

agency services in this district and under the marks KB, KB & CO., KB KATHY

BROOCK & CO., and $\underset{\text{KATHY BROOCK \& Co.}}{\text{KB}}$ that are the subject of this action.

19.     This Court has personal jurisdiction over Defendant Real Estate One

because that entity is subject to both general and specific personal jurisdiction in the

State of Michigan. On information and belief, Real Estate One is a Michigan

corporation; has a principal place of business located in this judicial district; and

regularly transacts business in the State of Michigan and this judicial district

including, without limitation, in connection with offering services associated with

buying and selling real estate and real estate agency services in this district and under

the marks KB, KB & CO., KB KATHY BROOCK & CO., and $\underset{\text{KATHY BROOCK \& Co.}}{\text{KB}}$ that are the

subject of this action.

20.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because

the events giving rise to KB Home's claims occurred in this judicial district; because

Defendants are an individual and entities with the capacity to sue and be sued under

applicable law and are subject to this Court's personal jurisdiction with respect to

this civil action; and because KB Home continues to be harmed by Defendants'

wrongful conduct in this judicial district, including, without limitation, Defendants'

use of KB, KB & CO., KB KATHY BROOCK & CO., and $\underset{\text{KATHY BROOCK \& Co.}}{\text{KB}}$

## KB HOME AND ITS SERVICE MARK RIGHTS

21.     KB Home was founded, and initially operated in, Detroit, Michigan in 1957 as "Kaufman and Broad."

22.     Over time, the company became known by its initials: first as "K&B," and then eventually just "KB." The company officially adopted the name "KB Home" in 2001.

23.     Since its inception, KB Home has been engaged in the business of homebuilding. KB Home is one of the largest homebuilders in the United States and has achieved widespread recognition and acclaim for its innovative and sustainable practices.

24.     KB Home's customers are located throughout the United States. KB Home typically works directly with homebuyers and offers its customers a suite of end-to-end services associated with home building and home buying, including sales of real property and new homes, architectural plans, interior and exterior design, financing, construction, insurance, warranties, and maintenance. KB Home also sells its homes to buyers who are represented by real estate agents and brokers located throughout the United States, working with those agents and brokers.

25.     KB Home is the owner of all right, title, and interest in and to a family of KB and KB HOME service marks (the "KB® Marks") including, but not limited

to, the following marks and registrations for the same on the Principal Register of the United States Patent and Trademark Office ("USPTO"):

| Mark and Reg. No. | Filing / Registration / First-Use Dates | Services |
|---|---|---|
| KB<br><br>Reg. No. 2,706,002 | Filing Date:<br>October 26, 2000<br><br>Registration Date:<br>Apr. 15, 2003<br><br>First-Use Date:<br>Mar. 1974 | Construction services, namely, planning, laying out and construction of residential communities; construction of single family and multiple family dwelling units; real estate development. |
| ONLY AT KB<br><br>Reg. No. 4,770,256 | Filing Date:<br>July 10, 2014<br><br>Registration Date:<br>July 7, 2015<br><br>First-Use Date:<br>Nov. 2014 | Construction services, namely, planning, laying out and construction of residential communities; construction of single family and multiple family dwelling units; real estate development. |
| kb HOME<br><br>Reg. No. 6,039,963 | Filing Date:<br>Dec. 19, 2018<br><br>Registration Date:<br>Apr. 28, 2020<br><br>First-Use Date:<br>Jul. 16, 2018 | Construction services, namely, planning, laying out and construction of residential communities; construction of single family and multiple family dwelling units; real estate development. |

| Mark and Reg. No. | Filing / Registration / First-Use Dates | Services |
|---|---|---|
| **KB** HOME<br><br>(the lining/stippling inside the word "HOME" is intended to indicate the color gold)<br><br>Reg. No. 2,768,634 | Filing Date:<br>Jan. 18, 2001<br><br>Registration Date:<br>Sep. 30, 2003<br><br>First-Use Date:<br>Jan. 17, 2001 | Construction services, namely, planning, laying out and construction of residential communities; construction of single family and multiple family dwelling units; real estate development. |
| KB HOME<br><br>Reg. No. 2,832,387 | Filing Date:<br>October 26, 2000<br><br>Registration Date:<br>April 13, 2004<br><br>First-Use Date:<br>Jan. 17, 2001 | Construction services, namely, planning, laying out and construction of residential communities; construction of single family and multiple family dwelling units; real estate development. |
| KB URBAN<br><br>Reg. No. 3,303,964 | Filing Date:<br>September 30, 2005<br><br>Registration Date:<br>October 2, 2007<br><br>First-Use Date:<br>June 13, 2006 | Construction services, namely, planning, laying out and construction of residential communities; construction of single family and multiple family dwelling units; real estate development. |
| KB HOME INSURANCE AGENCY<br><br>Reg. No. 6,072,334 | Filing Date:<br>December 19, 2018<br><br>Registration Date:<br>June 9, 2020<br><br>First-Use Date:<br>Mar. 4, 2002 | Insurance agency, administration, underwriting, and consulting services in the field of homeowner's insurance, property and casualty insurance, and mortgage payment protection insurance. |

| Mark and Reg. No. | Filing / Registration / First-Use Dates | Services |
|---|---|---|
| KB HOME<br><br>Reg. No. 2,825,554 | Filing Date:<br>October 26, 2000<br><br>Registration Date:<br>March 23, 2004<br><br>First-Use Date:<br>Mar. 6, 2002 | Mortgage lending in connection with the construction and brokerage of single family and multiple family dwelling units. |

26.    KB Home's Registrations Nos. 2,706,002; 4,770,256; 2,768,634; 2,832,387; 3,303,964; and 2,825,554 are incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b), and are thus conclusive evidence of the registrations' validity and of the validity of the marks covered by each registration, and of KB Home's ownership of, and exclusive right to use, the marks covered by the registrations. KB Home's Registration Nos. 6,072,334 and 6,039,963 are prima facie evidence of the registrations' validity and of the validity of the marks covered by the registrations, and of KB Home's ownership of, and exclusive right to use, the marks covered by the registrations. A copy of the USPTO service mark registration certificate for each of the registrations listed in the preceding paragraph is attached as **Exhibit C**.

27.    The KB® Marks have been and are used in connection with a variety of construction and financial services for many years, namely, planning, laying out and construction of residential communities; construction of single-family and multiple-family dwelling units; real estate development; mortgage lending services in connection with the construction of, and to assist in the purchase of, single-family and multiple-family dwelling units; insurance agency, administration, underwriting,

and consulting services in the field of homeowner's insurance, property and casualty insurance; and mortgage payment protection insurance, as described in the table in paragraph 25 above. The services offered under the KB® Marks include services closely related to those covered by the above registrations, for example, residential real estate sales and related financial services.

28.     Along with the priority rights enjoyed by KB Home based on the filing dates of its federal registrations, KB Home enjoys use-based priority rights as of the respective first use dates stated in paragraph 25 above.

29.     The KB® Marks are inherently distinctive. They have also been extensively used, promoted, and advertised nationally by KB Home in connection with its services for many years and are thus distinctive indicators of KB Home as the source of high-quality home construction, sales, mortgage lending, and insurance services offered under the KB® Marks, generating valuable goodwill for the KB® Marks and for KB Home.

**DEFENDANTS' UNLAWFUL ACTIVITIES**

30.     Defendants are a real estate agent and brokers who offer services consisting of and associated with buying and selling real estate, primarily homes, and real estate agency services ("Defendants' Services").

31.     On information and belief, Defendants own, operate, and/or control the domain name <kathybroock.com> and the content on the website associated with

the domain name, www.kathybroock.com (the "Kathy Broock Website"); the domain name <maxbroock.com> and the content on the website associated with the domain name www.maxbroock.com (the "Max Broock Website"); and the domain name <maxbroockhomes.com> (the "Max Broock Homes Domain").

32.     On information and belief, and as also alleged in paragraphs 6–15, Defendants operate in partnership and concert or through agency and are thus jointly and severally liable for the allegations herein.

33.     On information and belief, Defendant Real Estate One provides material support to, and knowingly facilitates the use by Ballard and Katherine Broock Ballard LLC of, KB, KB & CO., KB KATHY BROOCK & CO., and KB KATHY BROOCK & CO. in connection with Defendants' Services by listing Ballard as a real estate agent on the Max Broock Website and providing space to Ballard and Katherine Broock Ballard LLC at the Real Estate One (d/b/a Max Broock Realtors) branch office located at 275 S. Old Woodward Ave., Birmingham, MI 48009, and in other ways.

34.     On information and belief, all Defendants receive at least a portion of the revenues collected by Ballard and/or by Katherine Broock Ballard LLC while utilizing KB, KB & CO., KB KATHY BROOCK & CO., and KB KATHY BROOCK & CO. in connection with Defendants' Services.

35.    Defendants use the Kathy Broock Website, Max Broocks Website, and Max Broock Homes Domain in connection with the promotion and sale of Defendants' Services.

36.    Defendants use "KB," "KB & CO.," and "KB KATHY BROOCK & CO." (the "KB KATHY BROOCK & CO. Mark") including, but not limited to, as a word mark and in the following logo format:



in connection with Defendants' Services.

37.    On information and belief, Defendants began using KB, KB & CO., and the KB KATHY BROOCK & CO. Mark long after KB Home began using and established rights in its distinctive KB® Marks.

38.    On information and belief, Defendants have used and continue to use KB, KB & CO., and the KB KATHY BROOCK & CO. Mark in commerce via advertising on the internet, including, but not limited to, at the Kathy Broock Website; in directories and publications; on social media; in print advertising, including, but not limited to, brochures and third-party publications; and on signage. On further information and belief, Defendants' advertising reaches and is viewed by consumers throughout the United States.

39.     "KB" and "KB & CO." as used by Defendants are identical to and, therefore, confusingly similar to, KB Home's KB® Marks. The use of "& CO." does not materially distinguish "KB & CO." from KB Home's KB® Marks.

40.     The KB KATHY BROOCK & CO. Mark is confusingly similar to KB Home's KB® Marks in appearance, sound, and meaning. Both marks display the letters "KB as their initial and most prominent element. The logo form of the KB KATHY BROOCK & CO. Mark utilizes font that is strikingly similar to the font used by KB Home in its mark reflected in Reg. No. 2,768,634, as depicted below.

 

41.     Defendants' uses of KB, KB & CO., and the KB KATHY BROOCK & CO. Mark are also confusingly similar to the other KB® Marks.

42.     Defendants use KB, KB & CO., and the KB KATHY BROOCK & CO. Mark in connection with services that are the same as or highly related to the services offered by KB Home in connection with its KB® Marks.

43.     KB Home and Defendants both sell homes to their customers, with Defendants acting as real estate sales agents and/or brokers.

44.     On information and belief, Defendants use KB, KB & CO., and the KB KATHY BROOCK & CO. Mark in connection with their real estate agency and

14

brokerage services nationwide, including in states and metropolitan areas where KB Home builds and sells homes, through a vast array of referral sources and connections and in other ways. For example, on further information and belief, Defendants assist home buyers and sellers who are relocating to or from Michigan from or to an area where KB Home builds and sells homes, or who are seeking to purchase second or third homes or investment properties in Michigan or in an area where KB Home builds or sells homes.

45.    As further example of Defendants' unlawful activities, Defendants use KB, KB & CO., and the KB KATHY BROOCK & CO. Mark to promote their services in connection with the buying and selling of land for the purpose of constructing a new home, including by facilitating the sale of such land and by connecting buyers with lenders who specialize in offering loans for the purpose of purchasing land and/or constructing new homes. These services are highly related to the home construction and sale services and home mortgage services offered by KB Home under the KB® Marks.

46.    Given KB Home's extensive service offerings under the KB® Marks in connection with the home building and homebuying process, and given Defendants' use of confusingly similar marks in connection with the same or similar services, consumers are likely to assume that Defendants are the same as or

somehow affiliated with or sponsored by KB Home, or vice versa, due to Defendants' use of KB, KB & CO., and the KB KATHY BROOCK & CO. Mark.

47.    The KB® Marks have acquired a national reputation, including in the State of Michigan and this judicial district, such that consumers are likely to falsely associate Defendants' use of KB, KB & CO., and the KB KATHY BROOCK & CO. Mark with KB Home and the KB® Marks. Defendants are likely to gain unearned benefit from such association, because consumers are likely to incorrectly associate the valuable goodwill represented by the KB® Home Marks with Defendants.

48.    In addition, because of such association in the minds of consumers, those consumers are likely to incorrectly attribute any fault or defect found in Defendants or their real estate services with KB Home.

49.    "KB" and "KB & CO." as used by Defendants are identical to KB Home's KB® Marks in appearance, sound, and meaning; are used in connection with services that are highly related to services sold by KB Home under the KB® Marks; and are likely to cause confusion, likely to cause mistake, and likely to deceive.

50.    The KB KATHY BROOCK & CO. Mark is extremely similar to KB Home's KB® Marks in appearance, sound, and meaning; is used in connection with services that are the same or highly related to services sold by KB Home under the

KB® Marks; and is likely to cause confusion, likely to cause mistake, and likely to deceive.

51.    On October 11, 2024, Defendant Ballard, using the name Kathy Broock, filed Application Ser. No. 98796409 with the U.S. Patent and Trademark Office ("USPTO") seeking to register the logo form of the KB KATHY BROOCK & CO. Mark, **KB** Kathy Broock & Co., as a service mark for the following services in Class 36: Real estate acquisition services; Real estate agency services for the purchase or sales of buildings; Real estate brokerage; Real estate consultation; Real estate listing; Providing information in the field of real estate via a website (the "KB KATHY BROOCK & CO. Application").

52.    In December 2024, counsel for KB Home contacted counsel of record listed in the KB KATHY BROOCK & CO. Application notifying them of Defendants' infringement of the KB® Marks and their acts of unfair competition and demanding that all such unlawful use cease immediately.

53.    On December 27, 2024, Defendant Ballard, through counsel, in response to the aforementioned communication from counsel for KB Home, filed a document with the USPTO expressly abandoning the KB KATHY BROOCK & CO. Application before the USPTO had an opportunity to examine the application to determine whether the mark was eligible for registration.

54.    Between December 2024 and April 2025, counsel for KB Home and counsel for Defendants exchanged correspondence in an effort by KB Home to resolve this dispute amicably. Despite withdrawing the KB KATHY BROOCK & CO. Application and thereby tacitly acknowledging KB Home's superior rights, Defendants ceased communicating with counsel for KB Home in mid-April 2025.

55.    Defendants continue to use KB, KB & CO., and the KB KATHY BROOCK & CO. Mark in the manner described above in connection with Defendants' Services.

56.    On information and belief, Defendants were well aware of KB Home's senior rights in the KB® Marks at the time Defendants commenced using KB, KB & CO., and the KB KATHY BROOCK & CO. Mark. Moreover, as detailed above, Defendants have continued using these marks, in violation of KB Home's superior rights in its KB® Marks, despite KB Home's repeated demands for Defendants to cease such unlawful use. Defendants' unlawful acts are thus willful, intentional, and malicious.

## COUNT I

## SERVICE MARK INFRINGEMENT (15 U.S.C. § 1114(1))

### (All Defendants)

57.    KB Home incorporates the allegations in all preceding paragraphs by reference as if fully set forth here.

58.     As a separate cause of action and ground for relief, KB Home alleges that Defendants have been and are currently engaged in acts constituting infringement of KB Home's KB® Marks under Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1), through Defendants' use, in commerce, of marks, names, and logos that comprise or contain "KB" in connection with the sale, offering for sale, and advertisement of services that are closely related to the services provided by KB Home under the KB® Marks and in a manner that creates a likelihood of confusion, mistake, or deception as to the origin, sponsorship, or approval of services offered by Defendants, or by KB Home, or as to the affiliation, connection, or association of Defendants with KB Home.

59.     Defendants' infringing conduct is causing and is likely to cause injury to the public, and is causing and is likely to cause KB Home to incur damages and suffer irreparable injury for which KB Home has no adequate remedy at law. KB Home is entitled to damages and injunctive relief pursuant to 15 U.S.C. §§ 1114, 1116, 1117, and 1118.

## COUNT II

## UNFAIR COMPETITION (15 U.S.C. § 1125(a))

### (All Defendants)

60.     KB Home incorporates the allegations in all preceding paragraphs by reference as if fully set forth here.

61.     As a separate cause of action and ground for relief, KB Home alleges that Defendants, by using in commerce marks, names, and logos that comprise or contain "KB" in connection with the sale, offering for sale, and advertisement of services that are closely related to the services provided by KB Home under the KB® Marks, have caused a likelihood of confusion, mistake, and/or deception as to the affiliation, connection, or association of Defendants with KB Home, or as to the origin, sponsorship, or approval of services offered by Defendants, or by KB Home, in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

62.     Defendants' actions constitute unfair competition by false designation of origin, sponsorship, and/or approval under Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a), have caused and are likely to cause injury to the public, and have caused and are likely to cause KB Home to incur damages and suffer irreparable injury for which KB Home has no adequate remedy at law. KB Home is entitled to damages and injunctive relief pursuant 15 U.S.C. §§ 1114, 1116, 1117, 1118, and 1125.

## COUNT III

## SERVICE MARK INFRINGEMENT (MICHIGAN COMMON LAW)

### (All Defendants)

63.     KB Home incorporates the allegations in all proceeding paragraphs by reference as if fully set forth here.

64.     KB Home owns the KB® Marks, and the KB® Marks are valid and have become widely known and highly reputed throughout the United States, including in the State of Michigan and this judicial district, as distinctive identifiers of KB Home and its home construction, sales, mortgage lending, insurance services, and related services.

65.     KB Home has used the KB® Marks in connection with such services since long before any date of first use of KB, KB & CO., and the KB KATHY BROOCK & CO. Mark by Defendants. KB Home's KB® Marks are strongly associated with KB Home's services.

66.     As a separate cause of action and ground for relief, KB Home alleges that Defendants have been and are currently engaged in acts constituting infringement of KB Home's KB® Marks under the common law of the State of Michigan through Defendants' use in commerce in Michigan of marks, names, and logos that comprise or contain "KB" in connection with the sale, offering for sale, and advertisement of services that are closely related to the services provided by KB Home under the KB® Marks and in a manner that creates a likelihood of confusion, mistake, or deception.

67.     Defendants' infringing conduct is causing and is likely to cause injury to the public, and is causing and is likely to cause KB Home to incur damages and suffer irreparable injury for which KB Home has no adequate remedy at law. KB

Home is entitled to damages and injunctive relief under the common law of Michigan.

## COUNT IV

## UNFAIR COMPETITION (MICHIGAN COMMON LAW)

### (All Defendants)

68.     KB Home incorporates the allegations in all proceeding paragraphs by reference as if fully set forth here.

69.     As a separate cause of action and ground for relief, KB Home alleges that Defendants, by using marks, names, and logos that comprise or contain "KB" in connection with the sale, offering for sale, and advertisement of services that are closely related to the services provided by KB Home under the KB® Marks, has caused a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with KB Home, or as to the origin, sponsorship, or approval of services offered or sold by Defendants, or by KB Home. These acts and business practices constitute unfair competition in violation of the common law of the State of Michigan.

70.     Defendants' infringing conduct is causing and is likely to cause injury to the public, and is causing and is likely to cause KB Home to incur damages and suffer irreparable injury for which KB Home has no adequate remedy at law. KB

Home is entitled to damages and injunctive relief pursuant to the common law of Michigan.

## COUNT V

## UNFAIR, UNCONSCIONABLE, OR DECEPTIVE ACTS OR PRACTICES

## (MICH. COMP. LAWS § 445.903(1)(a))

### (All Defendants)

71.     KB Home incorporates the allegations in all preceding paragraphs by reference as if fully set forth here.

72.     As a separate cause of action and ground for relief, KB Home alleges that Defendants, by using marks, names, and logos that comprise or contain "KB" in connection with the sale, offering for sale, and advertisement of services that are closely related to the services provided by KB Home under the KB® Marks, has caused a probability of confusion or misunderstanding as to the affiliation, connection, or association of Defendants with KB Home, or as to the origin, sponsorship, or approval of services offered or sold by Defendants, or by KB Home. These acts constitute unfair, unconscionable, and/or deceptive methods, acts, or practices in the conduct of trade or commerce, in violation of Mich. Comp. Laws § 445.903(1)(a).

73.     Defendants' actions have directly and proximately caused and will continue to cause substantial and irreparable injury to KB Home, including customer

confusion, injury to its reputation, and diminution in value of its KB® Marks and, unless restrained, will continue to seriously and irreparably impair the value of the KB® Marks, for which there is no adequate remedy at law.

74.     KB Home is entitled to injunctive relief under Mich. Comp. Laws § 445.911(b) restraining Defendants from engaging in further unlawful conduct, as well as its actual damages resulting from Defendants' unlawful conduct described above.

## COUNT VI

## VICARIOUS SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION, AND DECEPTIVE TRADE PRACTICES

### (Real Estate One, Inc., d/b/a Max Broock Realtors)

75.     KB Home incorporates the allegations in all preceding paragraphs by reference as if fully set forth here.

76.     As a separate and alternative cause of action and ground for relief, KB Home alleges that Defendants Ballard and Katherine Broock Ballard LLC are associated with, partner with, and/or are in an agency relationship with Defendant Real Estate One in connection with their real estate business and uses of KB, KB & CO., and the KB KATHY BROOCK & CO. Mark.

77.     Additionally, Defendant Real Estate One benefits from its partnership and/or agency relationship with Defendants Ballard and Katherine

Broock Ballard LLC by receiving at least a portion of the revenues collected by Defendants Ballard and Katherine Broock Ballard LLC while utilizing KB, KB & CO., and the KB KATHY BROOCK & CO. Mark.

78.    Defendants Ballard and Katherine Broock Ballard LLC have engaged in their real estate business and uses of KB, KB & CO., and the KB KATHY BROOCK & CO. Mark pursuant to, and in the course of, their partnership and/or agency relationship with Defendant Real Estate One.

79.    Defendant Real Estate One is vicariously liable for Defendants Ballard's and Katherine Broock Ballard LLC's service mark infringement, unfair competition, and deceptive trade practices in violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, the common law of the State of Michigan, and Mich. Comp. Laws § 445.903(1)(a), and is jointly and severally liable for all unlawful acts of Defendants Ballard and Katherine Broock Ballard LLC alleged herein.

80.    KB Home is entitled to damages, injunctive relief, and other relief as set forth herein for Defendant Real Estate One's vicarious service mark infringement, unfair competition, and deceptive trade practices in violation of the Lanham Act, the common law of the State of Michigan, and Mich. Comp. Laws § 445.903(1)(a).

## COUNT VII

## CONTRIBUTORY SERVICE MARK INFRINGEMENT, UNFAIR

## COMPETITION, AND DECEPTIVE TRADE PRACTICES

### (Real Estate One, Inc., d/b/a Max Broock Realtors)

81.     KB Home incorporates the allegations in all preceding paragraphs by reference as if fully set forth here.

82.     As a separate and alternative cause of action and ground for relief, KB Home alleges that Defendant Real Estate One provides material support to, and knowingly facilitates the use by Defendants Ballard and Katherine Broock Ballard LLC of, KB, KB & CO., and the KB KATHY BROOCK & CO. Mark in connection with Defendants' Services by listing Ballard as a real estate agent on the Max Broock Website and providing space to Ballard and Katherine Broock Ballard LLC at the Real Estate One (d/b/a Max Broock Realtors) branch office located at 275 S. Old Woodward Ave., Birmingham, MI 48009, and in other ways, with actual or constructive knowledge of the KB® Marks and of Defendants Ballard's and Katherine Broock Ballard LLC's infringement of the KB® Marks and their acts of unfair competition and deceptive trade practices. Defendant Real Estate One has therefore knowingly induced, caused, and/or materially contributed to the service mark infringement, unfair competition, and deceptive trade practices of Defendants Ballard and Katherine Broock Ballard LLC.

26

83.    Additionally, Defendant Real Estate One benefits from its inducement of and/or contribution to the infringement, unfair competition, and deceptive trade practices of Defendants Ballard and Katherine Broock Ballard LLC by receiving at least a portion of the revenues collected by Defendants Ballard and Katherine Broock Ballard LLC while utilizing KB, KB & CO., and the KB KATHY BROOCK & CO. Mark.

84.    Defendant Real Estate One's actions constitute contributory service mark infringement, unfair competition, and deceptive trade practices in violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., the common law of the State of Michigan, and Mich. Comp. Laws § 445.903(1)(a), for which KB Home is entitled to damages, injunctive relief, and other relief as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, KB Home requests that the Court enter an order and judgment against Defendants:

A.    Permanently enjoining and restraining Defendants, and all persons acting in active concert or participation with them, from:

(1)    Using KB, KB & CO., the KB KATHY BROOCK & CO. Mark (whether in standard characters or logo form), including but not limited to



27

and any other mark, name, logo, or domain name that comprises or contains KB or is confusingly similar to KB Home's KB® Marks; and

        (2)    Representing, directly or indirectly, that there is any connection between Defendants and KB Home, or doing any other acts or things calculated or likely to cause confusion, mistake, or deception among members of the public or members of the trade as to the source, sponsorship, affiliation, or approval of Defendants' services.

        B.    Directing that Defendants, at their own expense, destroy all marketing, promotional, and advertising materials including, but not limited to, printed publications and signs, and edit all websites and social media presences or postings, and cease use of all domain names or web page URLs or sub-URLs that bear or incorporate KB, KB & CO., or the KB KATHY BROOCK & CO. Mark, or any other mark or name that comprises or contains KB or is confusingly similar to KB Home's KB® Marks;

        C.    Directing Defendants to file with this Court and to serve on KB Home, within thirty (30) days after issuance of an injunction, a written report setting forth in detail the manner in which Defendants have complied with the injunction;

        D.    Awarding KB Home the monetary damages it has sustained and the profits Defendants have derived as a result of the acts complained of herein,

trebled, together with prejudgment interest, and its costs and reasonable attorneys' fees incurred in this action, to the extent permitted by law; and

E.      Awarding KB Home any other relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Under Fed. R. Civ. P. 38(b), KB Home hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: <u>August 7, 2025</u>

By:   <u>*/s/ Sheldon H. Klein*</u>
HONIGMAN LLP
Deborah Swedlow (P67844)
315 East Eisenhower Parkway
Suite 100
Ann Arbor, MI 48108-3330
734-418-4200
BSwedlow@honigman.com

LATHROP GPM LLP
Sheldon Klein (D.C. Bar No. 348466)
(admitted to practice in this court)
600 New Hampshire Avenue, NW
The Watergate - Suite 700
Washington, DC 20037
202-295-2215
sheldon.klein@lathropgpm.com

Eric D. Sidler (application for
admission forthcoming)
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108
(816) 460-5311
eric.sidler@lathropgpm.com

Timothy J. Hadachek (application for
admission forthcoming)
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108
(816) 460-5532
timothy.hadachek@lathropgpm.com

**ATTORNEYS FOR PLAINTIFF
KB HOME**